CHESTER R. ROGERS *vs.* CHARLES M. ROGERS.

Middlesex.    November 18, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Trust,* Administration, Removal of trustee.

At the hearing of a petition for the removal of a trustee under a will, it appeared that the petitioner and the respondent were two of three surviving brothers of the testator and that all acts of the respondent complained of were within the letter of broad discretionary powers given by the provisions of the will.    The judge found, contrary to contentions by the petitioner, that he was unable to find that the petitioner had sustained the burden of proving that the respondent had manifested unfriendly feelings or a spirit of hostility toward him or that the respondent had shown a disposition to obtain an undue advantage for himself; and the petition was dismissed.    On appeal by the petitioner, it was *held,* that

(1) The findings of fact were warranted;

(2) The facts, that the respondent proposed to sell real estate upon which he had permitted the petitioner to remain without payment of rent and that such sale would cut off the payment of taxes from the income of the estate and would add to the income which the respondent would receive personally if the income should be divided into three parts, as he, within the provisions of the will, had determined should be done, was not in itself conclusive evidence of a failure by the respondent to exercise sound discretion, or of bad judgment.

PETITION, filed in the Probate Court for the county of Middlesex on June 11, 1924, for the removal of the respondent as trustee under the will of Susan Alice Rogers, late of Lexington.

In the Probate Court, the petition was heard by *Harris,* J. Material facts found by the judge are stated in the opinion. By order of the judge, a decree was entered dismissing the petition.    The petitioner appealed.

*P. A. Hendrick,* for the petitioner, submitted a brief.

*H. W. King,* (*W. L. Spencer* with him,) for the respondent.

PIERCE, J.    This is a petition filed in the Probate Court for the county of Middlesex, praying for the removal of Charles M. Rogers, trustee under the will of Susan A. Rogers, late of Lexington in the county of Middlesex, deceased, on the ground "that the said Charles M. Rogers has manifested

unfriendly feeling toward your petitioner, the beneficiary under the trust, and there exists a spirit of hostility on the part of the trustee toward your petitioner, and that the trustee has shown a disposition to obtain undue advantage for himself, and that by his acts he is not exercising sound discretion over the administration of the trust in which your petitioner is interested."

Susan A. Rogers died December 15, 1919, testate, leaving four children, Charlotte A., Charles M., Frederick H., and Chester R. Rogers. The will under which the trust was created was executed October 22, 1909. After the death of Mrs. Rogers, Charlotte and Chester continued to make their home at the family homestead in Lexington. Charlotte died in November, 1923. The three sons were living at the date of the filing of this petition.

The first and second paragraphs of the will gave bequests of money and tangible personal property to the children of the testatrix. The third clause thereof left all the residue of her property, real or personal, in trust, whereby, under item "A," the net income should be applied to the support and maintenance of Charlotte A. and Chester R. Rogers, with full discretionary powers in the trustee to expend for said purposes from time to time portions of the principal, if the net income should seem to the trustee insufficient. The trustee under this clause is given authority to apportion the income as he shall deem proper; and in so far as the payments are made to either beneficiary personally, it is directed that they shall be made as often as quarterly. The testatrix expressed the desire that Chester, so far as he may be able, shall take care of himself without the aid of the trust fund, but leaves the matter of such aid to the discretion of the trustee. She directs that any excess of net income beyond the aggregate requirements of Charlotte and Chester shall be added to the principal of the fund. The testatrix provides that, upon the death of either Charlotte or Chester, the entire net income, or such parts thereof as the trustee shall think best, may be applied from time to time to the support of such survivor; and further authorizes an expenditure of the principal as provided in the trust for Charlotte

and Chester. "But should the net income arising during the time when only one of the two is living be (in the Trustee's judgment) more than sufficient to meet the just needs of the survivor, the Trustee may from time to time distribute the excess among my other children then living, or the issue of any deceased child, in such amounts or proportions as shall seem to him best."

The trust further provides that, upon the death of both Charlotte and Chester, the property then embraced in the trust shall be divided equally between the sons Charles M. and Frederick H., if living; and there are provisions as to division among their issue, with survivorship clauses, in case of the death of either or both of them with issue; and that, if both die without leaving issue, division is to be made among those who may then be heirs at law of the testatrix.

To the charge of hostility and unfriendly feeling on the part of the trustee toward the petitioner, upon conflicting oral evidence the judge found as follows: "From all the evidence, I am unable to find that the petitioner has sustained the burden of proving that the respondent has manifested unfriendly feelings or a spirit of hostility toward him. On the contrary, the appearance and manner of the petitioner, at the hearing, taken in connection with the testimony of his two brothers as to his temperament and his attitude toward them, led me to believe that he was hostile to Charles rather than Charles to him."

To the charge of a disposition to obtain undue advantage for himself, the trustee gave evidence to the effect that after his mother's return from the hospital, and just before her death, she gave Chester bank books representing deposits of about $4,000; that since her death Chester had not been asked to pay and had not paid any rent to the trustee; and that the trustee since his appointment on December 5, 1921, had paid the taxes on the house for the years 1922, 1923, 1924, and 1925. It further appeared in the report, without contradiction, that until the death of Charlotte the trustee paid all the income of the trust fund not used for taxes and other proper disbursements to or for the benefit of Charlotte and Chester. On these facts the judge found that he was

not able to find that the trustee had shown a disposition to obtain an undue advantage for himself.

To the charge that the trustee is not exercising sound discretion over the administration of the trust in that he had "split the income three ways" after the death of Charlotte, the reported evidence discloses that such "split" was made in the account of the trustee, but the income, $50 each, had not been paid to Frederick or himself as it was being held to await the outcome of these proceedings. It is plain the trustee was authorized by the trust to make this separation or division of the income, having regard to the needs of Chester as the trustee in sound judgment saw them, as well as to the desire of the testatrix that "Chester shall, so far as he may be able, take care of himself without the aid of the trust fund." The evidence also discloses that Chester was given $4,000 before the death of his mother, and the judge finds that "he was, to judge from appearances, well over thirty years of age, single and self supporting."

To the charge that the trustee threatened to sell the homestead, the judge finds that he had full authority to do so under the fifth clause of the will, which reads: "He, as also any successor trustee appointed hereunder, shall have full authority and power to sell and convey from time to time, on such terms and for such considerations as the Trustee may see fit, all or any part of the property held in trust, . . . whether the sale or sales be made in order to change the form of investment or for the purpose of effecting a division of the property or of realizing moneys with which to make payments to or for the account of the beneficiaries." The fact that such sale, if made, will deprive Chester of the use of the real estate, cut off the payment of taxes from the income of the estate, and add to the income which the trustee will receive personally if the income shall be divided into three parts, as the trustee has determined shall be done, is not in itself conclusive evidence of a failure to exercise sound discretion or of bad judgment.

The findings of the judge were warranted. It results that the decree must be affirmed.

*Ordered accordingly.*